UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: SCOTT STERN ) MBD NO. 11-30008-MAP

ORDER

March 22, 2011

On December 13, 2006, this Court entered a standing order enjoining Scott Stern from filing any papers with respect to any matter touching upon the Massachusetts Probate and Family Court without first receiving permission from the Court to do so. See Stern v. Dunphy, C.A. No. 06-30194-MAP (Dkt. 7, 7-2 ("Standing Order")). Pursuant to the Standing Order, Stern may seek leave to file such papers by filing (1) a petition for leave to file; (2) a copy of the Standing Order; (3) the proposed papers to be filed; and (4) a certification under oath that there is a good-faith basis for the filing of the papers. See id.

On March 21, 2011, Stern filed a document captioned as an "Emergency Motion for Writ of Habeas Corpus 42 U.S.C. 1983 Motion for Notice of Removal to the United States District Court Motion for Ex Relator United States." In this document, Stern complains about his recent conviction for criminal contempt in the Berkshire Probate and Family Court and the 45-day sentence

imposed on him. He alleges that the state court violated his federal rights during the course of the underlying trial.

Stern's emergency motion touches upon the Massachusetts Probate and Family Court and therefore is subject to the Standing Order. The motion does not, however, comply with the Standing Order. Stern did not file a petition to file the motion, nor did he submit a copy of the Standing Order or a certification under oath that there is a good-faith basis for filing the proposed papers. The Court will therefore deny the motion.

The Court notes that, to the extent that Stern is challenging his conviction and is still serving his sentence, a petition under 28 U.S.C. § 2254 is the sole vehicle to challenge the state conviction or sentence in federal court. With few exceptions, a litigant must exhaust his state remedies before filing a petition under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(e). Further, a civil rights action challenging an intact state conviction is barred under Heck v. Humphrey, 512 U.S. 477 (1994). See id. at 486-87 ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ."). Finally the Court

does not discern any basis for removal of a pending state court action.

Accordingly, the motion for miscellaneous relief is DENIED and the Clerk shall close this action. The Court warns Sterns that he may be subject to sanctions if he violates the Court's December 13, 2006 order prohibiting him from filing papers touching upon the Massachusetts Probate and Family Court without first filing with the Court a written petition seeking leave to do so.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U.S. District Judge